1  McGREGOR SCOTT
   United States Attorney
2  KYMBERLY A. SMITH
   Assistant U.S. Attorney
3  501 "I" Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2771



**FILED**

JAN 1 2 2006

CLERK, U.S. DISTRICT COURT
ASTERN DISTRICT OF CALIFOR..

DEPUTY CLERK

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,  )  No. CR S-04-357-MCE
                               )
12           Plaintiff,        )  VIOLATIONS: 21 U.S.C. §§ 846,
                               )  841(c)(2), and 960(d)(3) -
13           v.                )  Conspiracy to Import, Possess and
                               )  Distribute a List I Chemical
14  RICHIE MISHAL,             )  Knowing and Having Reasonable Cause
        aka Akram Abdellatif,  )  to Believe it Will Be Used to Make
15      aka Tom Hanney,        )  a Controlled Substance; 21 U.S.C.
    FAISAL MOHAMMAD RASHID,    )  §§ 846, and 960(d)(6) - Conspiracy
16      aka Sal,               )  to Import a List I Chemical in
    PAMELA MOLNER,             )  Violation of Notice and
17  HASUNI KAHWAJI, and        )  Registration Requirements; 21
    HUGH STEVENS,              )  U.S.C. § 841(c)(2) - Possession of
18                             )  a List I Chemical; 21 U.S.C. §
             Defendants.       )  843(a)(6) - Possession of
19                             )  Clandestine Laboratory Materials;
                               )  18 U.S.C. §§ 924(c) and
20                             )  924(c)(1)(B)(ii) - Possession of a
                               )  Firearm in Furtherance of a Drug
21                             )  Trafficking Crime; 18 U.S.C. §
                               )  922(o) - Possession of a Machine
22                             )  Gun; 18 U.S.C. §§ 1956(h) and
                               )  1956(a)(2)(A) - Conspiracy to
23                             )  Launder Money, International Money
                               )  Laundering; 18 U.S.C. §
24                             )  1956(a)(2)(A) - International Money
                               )  Laundering (3 Counts); 18 U.S.C. §§
25                             )  1956(h) and 1956(a)(1)(B)(i) -
                               )  Conspiracy to Launder Money,
26                             )  Transaction Designed to Conceal
                               )  Proceeds of a Specified Unlawful
27                             )  Activity; 18 U.S.C.
                               )  § 1956(a)(1)(B)(i) - Money
28                             )  Laundering Designed to Conceal

                               1

1 )   Proceeds of a Specified Unlawful
  )   Activity (2 Counts); 18 U.S.C. §
2 )   371, 31 U.S.C.
  )   §§ 5324(a)(1) and 5324(a)(3) -
3 )   Conspiracy to Structure
  )   Transactions to Avoid Reporting
4 )   Requirements; 31 U.S.C. §§
  )   5324(a)(3), 5324(d)(1) and
5 )   5324(d)(2) - Structuring
  )   Transactions to Avoid Reporting
6 )   Requirement; 18 U.S.C. §§
  )   5324(a)(2), 5234(d)(1) and 2 -
7 )   Structuring Transactions to Attempt
  )   to Cause Financial Institutions to
8 )   Avoid Reporting Requirement; 18
  )   U.S.C. §§ 1956(h) and
9 )   1956(a)(1)(A)(i) - Conspiracy to
  )   Launder Money - Transaction
10 )  Designed with the Intent to Promote
  )   the Carrying on of a Specified
11 )  Unlawful Activity; 18 U.S.C. §§
  )   1956(h) and 1957  - Conspiracy to
12 )  Engage in Monetary Transactions in
  )   Property Derived from Specified
13 )  Unlawful Activity; 18 U.S.C. §§ 371
  )   and 545 - Conspiracy to Smuggle
14 )  Goods into the United States (2
  )   Counts); 21 U.S.C. § 843(b) -
15 )  Illegal Use of a Communication
  )   Facility (6 Counts);
16 )  21 U.S.C. § 853(a), 18 U.S.C. §
  )   982(a)(1), and 31 U.S.C. §
17 _____ )  5317(a)(1) - Criminal Forfeiture

18

19 **S U P E R S E D I N G   I N D I C T M E N T**

20 **COUNT ONE:**   [21 U.S.C. §§ 846, 841(c)(2), and 960(d)(3) -
                  Conspiracy to Import, Possess and Distribute a
21                 List I Chemical Knowing and Having Reasonable
                  Cause to Believe it Will Be Used to Make a
22                 Controlled Substance]

23 The Grand Jury charges: T H A T

24                          RICHIE MISHAL,
                 aka Akram Abdellatif, aka Tom Hanney,
25                   FAISAL MOHAMMAD RASHID,
                          aka Sal,
26                   HASUNI KAHWAJI, and
                        HUGH STEVENS,
27

28 defendants herein, beginning at a time unknown to the Grand Jury

2

1 but no later than in or about November 2002, and continuing
2 thereafter to on or about September 15, 2004, in the State and
3 Eastern District of California, the State and Western District of
4 New York, and elsewhere, did knowingly and intentionally conspire
5 and agree with each other and with other persons known and unknown
6 to the Grand Jury, to import, possess and distribute a List I
7 chemical, to wit: ephedrine, knowing and having reasonable cause to
8 believe that the ephedrine would be used to manufacture a
9 controlled substance, to wit: methamphetamine, a Schedule II
10 Controlled Substance.

11 All in violation of Title 21, United States Code, Sections 846,
12 841(c)(2), and 960(d)(3).

13 **COUNT TWO:**   [21 U.S.C. §§ 846 and 960(d)(6) - Conspiracy to Import
              a  List  I  Chemical  in  Violation  of  Notice  and
14              Registration Requirements]

15     The Grand Jury further charges: T H A T

16                         RICHIE MISHAL,
                 aka Akram Abdellatif, aka Tom Hanney,
17                    FAISAL MOHAMMAD RASHID,
                            aka Sal,
18                     HASUNI KAHWAJI, and
                         HUGH STEVENS,
19

20 defendants herein, beginning at a time unknown to the Grand Jury
21 but no later than in or about November 2002, and continuing to on
22 or about September 15, 2004, in the State and Eastern District of
23 California, the State and Western District of New York, and
24 elsewhere, did knowingly and intentionally conspire and agree
25 with each other and with other persons known and unknown to the
26 Grand Jury to import a List I chemical, to wit:  approximately
27 558 pounds of ephedrine, in violation of the notice and
28 registration requirements set forth in Sections 957 and 971 of

3

1 | Title 21, United States Code.

2 | All in violation of Title 21, United States Code, Sections
3 | 846 and 960(d)(6).

4 | **COUNT THREE:** [21 U.S.C. § 841(c)(2) - Possession of List I
Chemical]

5

6 | The Grand Jury further charges: T H A T

FAISAL MOHAMMAD RASHID,
7 | aka Sal,

8 | defendant herein, on or about September 17, 2004, in Sacramento
9 | County, State and Eastern District of California, did possess at
10 | least 100 pounds of ephedrine, a List I chemical, which may be
11 | used to manufacture a controlled substance, knowing and having
12 | reasonable cause to believe that it would be used to manufacture
13 | a controlled substance, to wit: methamphetamine, a Schedule II
14 | Controlled Substance.

15 | All in violation of Title 21, United States Code, Section
16 | 841(c)(2).

17 | **COUNT FOUR:** [21 U.S.C. § 843(a)(6) - Possession of Clandestine
Laboratory Materials]

18

19 | The Grand Jury further charges: T H A T

FAISAL MOHAMMAD RASHID,
20 | aka Sal,

21 | defendant herein, on or about September 17, 2004, in Sacramento
22 | County, State and Eastern District of California, did possess
23 | equipment, products, and material, to wit: glassware, which may
24 | be used to manufacture a controlled substance, knowing, intending
25 | and having reasonable cause to believe that it would be used to
26 | manufacture a controlled substance, to wit: methamphetamine, a
27 | Schedule II Controlled Substance.

28 | All in violation of Title 21, United States Code, Section

4

1  843(a)(6).

2  **COUNT FIVE:**  [18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii) –
3                  Possession of a Firearm in Furtherance of a Drug
               Trafficking Crime]

4        The Grand Jury further charges: T H A T

5                    FAISAL MOHAMMAD RASHID,
                          aka Sal,
6
7  defendant herein, or about September 17, 2004, in Sacramento

8  County, State and Eastern District of California, did knowingly

9  possess firearms, to wit: (i) a SKS 7.62 caliber rifle with

10 folding stock (manufactured in China) bearing serial number

11 026431; and (ii) an Olympic Arms, Model XM15A1, .223 caliber

12 rifle bearing serial number Z0364, in furtherance of a drug

13 trafficking crime, to wit: possession of clandestine laboratory

14 equipment and a List I chemical, knowing, intending and having

15 reasonable cause to believe that they would be used to

16 manufacture methamphetamine, a violation of Title 21, United

17 States Code, Sections 841(c)(2), 843(a)(6), as stated in Counts

18 Three and Four above, for which he may be prosecuted in a court

   of the United States.
19
       2.   The Grand Jury further charges: T H A T
20
   the Olympic Arms, Model XM15A1, .223 caliber rifle bearing serial
21
   number Z0364, is a "machine gun" within the meaning of Title 18,
22
   United States Code, Section 5845(b).
23
       All in violation of Title 18, U.S.C. Sections 924(c)(1)(A)
24
   and 924(c)(1)(B)(ii).
25
   ///
26
   ///
27
   ///
28

                               5

1 **COUNT SIX:**     [18 U.S.C. § 922(o) - Possession of a Machine Gun]

2      The Grand Jury further charges: T H A T

3

4                    FAISAL MOHAMMAD RASHID,
                           aka Sal,

5 defendant herein, on or about September 17, 2004, in the State

6 and Eastern District of California, did knowingly possess a

7 machine-gun, to wit: an Olympic Arms, Model XM15A1, .223 caliber

8 rifle bearing serial number Z0364.

9      All in violation of Title 18, United States Code, Section

10 922(o).

11 **COUNT SEVEN** -   [18 U.S.C. §§ 1956(h), 1956(a)(2)(A) - Conspiracy
                     to Launder Money, International Money Laundering]
12

13      The Grand Jury further charges:

14                          RICHIE MISHAL,
                 aka Akram Abdellatif, aka Tom Hanney,
15                    FAISAL MOHAMMAD RASHID,
                          aka Sal, and
16                        PAMELA MOLNER,

17 defendants herein, as follows:

18                    I.   INTRODUCTION

19      1.  At all times relevant to this Superseding Indictment,

20 defendant RICHIE MISHAL was the owner and manager of U.S.

21 Nutrition (aka USA Diamond Nutrition).  At all times relevant to

22 this Superseding Indictment, defendant RICHIE MISHAL had a

23 personal bank account at Bank of America (account no. 05235-

24 01008).

25      2.   At all times relevant to this Superseding Indictment,

26 U.S. NUTRITION (aka USA Diamond Nutrition) was registered in the

27 State of California as a business selling food and nutritional

28 health supplements and conducted business transactions in the

                              6

1  State and Eastern District of California and elsewhere.  U.S.
2  NUTRITION had a bank account at Wells Fargo Bank (account number
3  0117-102699).

4      3.    At all times relevant to this Superseding Indictment,
5  FAISAL MOHAMMAD RASHID was a resident of Sacramento, California,
6  and was an associate of RICHIE MISHAL.

7      4.    At all times relevant to this Superseding Indictment, a
8  person known to the Grand Jury who is now deceased was a resident
9  of Lac Du Bonnet, Manitoba, Canada, and was an associate of
10 RICHIE MISHAL.

11     5.    At all times relevant to this Superseding Indictment,
12 the deceased person known to the Grand Jury owned two companies
13 registered in Canada purportedly as nutritional product and gym
14 equipment businesses.  Both businesses conducted business in
15 Canada and elsewhere, and neither were licensed to sell ephedrine
16 in Canada.

17     6.    At all times relevant to this Superseding Indictment, a
18 company denoted herein as "Company A," was a company registered
19 in Canada as an importer and wholesale distributor of ephedrine.
20 Company A was owned by a person known to the Grand Jury, and
21 conducted business in Canada and elsewhere.

22     7.    At all times relevant to this Superseding Indictment,
23 the companies owned by the deceased person were used by a person
24 known to the Grand Jury to facilitate the receipt of ephedrine
25 from Company A and the distribution of ephedrine into the United
26 States.

27     8.    At all times relevant to this Superseding Indictment,
28 defendant PAMELA MOLNER was a resident of the State of Florida.

7

9. At all time relevant to this Superseding Indictment, a law firm known to the Grand Jury located in Canada purportedly acted as legal counsel for the deceased person known to the Grand Jury.

10. At all time relevant to this Superseding Indictment, the law firm in Canada known to the Grand Jury maintained an account located at the Royal Bank of Canada, Toronto, Canada. The law firm could receive monetary instruments and funds transmitted by electric wire and other means in this account.

11. The Emerson/Manitoba Port of Entry is in Canada, and is an international port of entry between the United States and Canada.

12. The term "ephedrine" refers to the List I chemical, pursuant to Title 21, United States Code, § 802(34).

## II. THE CONSPIRACY

13. Beginning at a time unknown to the Grand Jury but no later than in or about November 2002, and continuing thereafter to in or about August, 2004, in the State and Eastern District of California and elsewhere, defendants RICHIE MISHAL, FAISAL MOHAMMAD RASHID, PAMELA MOLNER, and other persons both known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree among themselves, to transport, transmit, and transfer and attempt to transport, transmit, and transfer monetary instruments and funds from a place inside of the United States to a place outside of the United States, with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, § 1956(a)(2)(A), all in violation of Title 18, United States Code, Section 1956(h).

8

1

### III.   MANNER AND MEANS

2    14.   It was part of this conspiracy that RICHIE MISHAL
3  obtained, mailed, delivered, wired and sent monetary instruments
4  and funds, that is, checks, money orders, electronic wire(s), and
5  cash, from inside of the United States, to a deceased person
6  known to the Grand Jury and to one of his companies, both located
7  in Canada, by way of Federal Express and some other mail service,
8  and by way of electronic wire transfer and by personal delivery.
9  RICHIE MISHAL also told and instructed co-conspirators,
10  associates and his employees, both known and unknown to the Grand
11  Jury, including FAISAL MOHAMMED RASHID, to do likewise.

12    15.   It was further part of this conspiracy that the purpose
13  of transporting, transmitting and transferring monetary
14  instruments and funds to a deceased person known to the Grand
15  Jury and to one of his companies in Canada, was to purchase,
16  import, possess and distribute ephedrine, knowing and having
17  reasonable cause to believe that the ephedrine would be used to
18  manufacture a controlled substance, to wit: methamphetamine, a
19  Schedule II controlled substance.

20    All in violation of Title 18, United States Code, Section
21  1956(h) and 1956(a)(2)(A).

22  **COUNT EIGHT** -   [18 U.S.C. § 1956(a)(2)(A) - International Money
                              Laundering]
23

24    The Grand Jury further charges: T H A T
25                          RICHIE MISHAL,
                  aka Akram Abdellatif, aka Tom Hanney,
26

27  defendant herein, on or about June 12, 2003, in the State and
28  Eastern District of California, did knowingly transport and

9

1  transfer and cause to be transported and transferred, monetary

2  instruments and funds, to wit: Wells Fargo Check No. 2488, in the

3  amount of $40,000 written against U.S. NUTRITION bank account

4  number 0117-102699, payable to "887023 Alberta Inc.," from a

5  place inside of the United States, to wit: Sacramento County,

6  State and Eastern District of California, to a place outside of

7  the United States, to wit: Canada, with the intent to promote the

8  carrying on of a specified unlawful activity, to wit: the

9  importation, possession, and distribution of a List I Chemical,

10 with knowledge and reasonable cause to believe that it would be

11 used to manufacture methamphetamine, a Schedule II controlled

12 substance, in violation of Title 21, United States Code, §§ 846,

13 841(c)(2), 960(d)(3), and 960(d)(6).

14     All in violation of Title 18, United States Code, Section

15 1956(a)(2)(A).

16 **COUNT NINE** -     [18 U.S.C. § 1956(a)(2)(A) - International Money
                        Laundering]
17

18     The Grand Jury further charges: T H A T

19                         RICHIE MISHAL,
                aka Akram Abdellatif, aka Tom Hanney,
20

21 defendant herein, on or about July 7, 2003, did knowingly

22 transport and transfer and cause to be transported and

23 transferred, monetary instruments and funds, to wit: Bank of

24 America Cashier's Check No. 407563703, in the amount of $12,000,

25 from a place inside the United States, to wit: Sacramento County,

26 State and Eastern District of California, to a place outside of

27 the United States, to wit: Canada, with the intent to promote the

28 carrying on of a specified unlawful activity, to wit: the

10

1  importation, possession, and distribution of a List I Chemical,
2  with knowledge and reasonable cause to believe that it would be
3  used to manufacture methamphetamine, a Schedule II controlled
4  substance, in violation of Title 21, United States Code, §§ 846,
5  841(c)(2), 960(d)(3), and 960(d)(6).

6      All in violation of Title 18, United States Code, Section
7  1956(a)(2)(A).

8  **COUNT TEN** –      [18 U.S.C. § 1956(a)(2)(A)– International Money
                        Laundering]
9
        The Grand Jury further charges: T H A T
10
                        RICHIE MISHAL,
11          aka Akram Abdellatif, aka Tom Hanney;
                    FAISAL MOHAMMAD RASHID,
12                      aka Sal, and
                    PAMELA MOLNER,
13
    defendants herein, between on or about June 5, 2004, and on or
14
    about June 12, 2004, did knowingly transport and transfer and
15
    attempt to transport and transfer monetary funds, to wit: one
16
    hundred thousand dollars United States currency ($100,000), from
17
    a place in the United States, to wit: Kern County, State and
18
    Eastern District of California, to a place outside of the United
19
    States, to wit: Canada, with the intent to promote the carrying
20
    on of a specified unlawful activity, to wit: the importation,
21
    possession, and distribution of a List I Chemical, with knowledge
22
    and reasonable cause to believe that it would be used to
23
    manufacture methamphetamine, a Schedule II controlled substance,
24
    in violation of Title 21, United States Code, §§ 846, 841(c)(2),
25
    960(d)(3), and 960(d)(6).
26
        All in violation of Title 18, United States Code, Section
27
    1956(a)(2)(A).
28
                               11

1  **COUNT ELEVEN** – [18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i) –
Conspiracy to Launder Money, Transaction Designed
2  to Conceal Proceeds of a Specified Unlawful
Activity]
3

4  The Grand Jury further charges:

5  RICHIE MISHAL,
aka Akram Abdellatif, aka Tom Hanney,
6

7  defendant herein, as follows:

8  I.  INTRODUCTION

9  1.  The allegations set forth in Paragraphs 1 through 12 of
10  Count Seven of this Superseding Indictment are realleged and
11  incorporated herein by reference.

12  II.  THE CONSPIRACY

13  2. Beginning at a time unknown to the Grand Jury but no
14  later than on or about March 15, 2003, and continuing through on
15  or about June 4, 2003, in the State and Eastern District of
16  California and elsewhere, defendant RICHIE MISHAL, knowingly
17  combined, conspired, confederated and agreed with persons known
18  and unknown to the Grand Jury to conduct and attempt to conduct a
19  financial transaction, knowing that the property involved in the
20  financial transaction represented the proceeds of some form of
21  unlawful activity, and knowing that the transaction was designed
22  in whole or in part to conceal and disguise the nature, location,
23  source, ownership, and control of the proceeds of specified
24  unlawful activity, to wit: importing, possessing, and
25  distributing ephedrine, a List I Chemical with knowledge and
26  reasonable cause to believe that it would be used to manufacture
27  methamphetamine, a Schedule II controlled substance in violation
28  of Title 21, United States Code, Sections 841(c)(2) and

12

1 │ 960(d)(3).

2 │ III. MANNER AND MEANS

3 │ 3. It was part of this conspiracy that on or about March
4 │ 18, 2003, defendant RICHIE MISHAL instructed a person known to
5 │ the Grand Jury to deposit funds and monetary instruments that
6 │ were the proceeds of specified unlawful activity into her
7 │ personal Bank of America account number 004963603045.

8 │ 4. It was further a part of this conspiracy that on or
9 │ about March 18, 2003, defendant RICHIE MISHAL instructed this
10 │ person known to the Grand Jury to issue a personal check against
11 │ her personal Bank of America account number 004963603045, made
12 │ payable to "Foothills @ Southern Ltd.," and signed by her for the
13 │ down payment to purchase real property located at 10614 San
14 │ Vercelli Court, Las Vegas, Nevada. This real property is a
15 │ single family home purchased by defendant RICHIE MISHAL in or
16 │ about June 2003 for approximately $493,340.

17 │ All in violation of Title 18, United States Code, Sections
18 │ 1956(a)(1)(B)(i) and 1956(h).

19 │ **COUNT TWELVE** - [18 U.S.C. § 1956(a)(1)(B)(i) - Money Laundering
   │                    Designed to Conceal Proceeds of a Specified
20 │                    Unlawful Activity]

21 │ The Grand Jury further charges: T H A T

22 │                         RICHIE MISHAL,
   │              aka Akram Abdellatif, aka Tom Hanney,
23 │

24 │ defendant herein, on or about June 2, 2003, in Sacramento County,
25 │ State and Eastern District of California, did knowingly cause,
26 │ conduct, and attempt to conduct a financial transaction affecting
27 │ interstate and foreign commerce, to wit: the exchange of $25,000
28 │ in United States currency for the purchase by a person known to

13

1  the Grand Jury of cashier's check number 407293054, from a Bank
2  of America branch in Sacramento, California, in the amount of
3  $25,000, made payable to Land Title Escrow Services, Inc., which
4  financial transaction in fact involved the proceeds of specified
5  unlawful activity, to wit: distribution of a List I Chemical,
6  with knowledge and reasonable cause to believe that it would be
7  used to manufacture methamphetamine, a Schedule II controlled
8  substance, in violation of Title 21, United States Code,
9  § 841(c)(2), knowing that the transaction was designed in whole
10 and in part to conceal and disguise the nature, location, source,
11 ownership and control of the proceeds of said specified unlawful
12 activity, and that while conducting and attempting to conduct
13 such financial transaction knew that the property involved in the
14 financial transaction represented the proceeds of some form of
15 unlawful activity.

16     All in violation of Title 18, United States Code, Section
17 1956(a)(1)(B)(i).

18 **COUNT THIRTEEN** -    [18 U.S.C. § 1956(a)(1)(B)(i) - Money
                        Laundering Designed to Conceal Proceeds of a
19                      Specified Unlawful Activity]

20     The Grand Jury further charges: T H A T

21                          RICHIE MISHAL,
                 aka Akram Abdellatif, aka Tom Hanney,
22

23 defendant herein, on or about June 3, 2003, in Sacramento County,
24 State and Eastern District of California, did knowingly cause,
25 conduct, and attempt to conduct a financial transaction affecting
26 interstate and foreign commerce, to wit: the exchange of $25,000
27 in United States currency for the purchase of cashier's check
28 number 407292836, from a Bank of America branch in Sacramento,

                              14

1  California, in the amount of $25,000, made payable to Land Title
2  Escrow Services, Inc., which financial transaction involved the
3  proceeds of specified unlawful activity, to wit: distribution of
4  a List I Chemical, with knowledge and reasonable cause to believe
5  that it would be used to manufacture methamphetamine, a Schedule
6  II controlled substance, in violation of Title 21, United States
7  Code, § 841(c)(2), knowing that the transaction was designed in
8  whole and in part to conceal and disguise the nature, location,
9  source, ownership and control of the proceeds of said specified
10 unlawful activity, and that while conducting and attempting to
11 conduct such financial transaction knew that the property
12 involved in the financial transaction represented the proceeds of
13 some form of unlawful activity.

14     All in violation of Title 18, United States Code, Section
15 1956(a)(1)(B)(i).

16 **COUNT FOURTEEN** –    [18 U.S.C. § 371, 31 U.S.C. §§ 5324(a)(1) and
                          5324(a)(3) – Conspiracy to Structure
17                           Transactions to Avoid Reporting Requirements]

18
    The Grand Jury further charges:
19

20                       RICHIE MISHAL,
          aka Akram Abdellatif, aka Tom Hanney,
21

22 defendant herein, as follows:

23                     I.    INTRODUCTION

24     1.    The allegations set forth in Paragraphs 1 through 12 of
25 Count Seven of this Superseding Indictment are realleged and
26 incorporated herein by reference.

27     2.  A Wells Fargo checking account number 0117102699 was
28 opened in Sacramento County, California, State and Eastern

1  District California, in the name of U.S. Nutrition (aka US
2  Diamond Nutrition), a company owned by defendant RICHIE MISHAL.
3  At all times relevant to this Superseding Indictment, Wells Fargo
4  Bank was a domestic financial institution.

5       3.   At all times relevant to this Superseding Indictment
6  and pursuant to Title 31, United States Code, Section 5313, and
7  regulations thereunder, including 31 C.F.R. Sections 103.22 and
8  103.27-28, financial institutions were required to prepare and
9  file Currency Transaction Reports ("CTRs") to report cash
10 transactions consisting of transactions over $10,000.  To
11 complete the CTR form, the financial institution was required to
12 verify and record the name and address of the person presenting
13 the transaction, and the identity, account number and social
14 security number or taxpayer identification number, if any, of any
15 person or entity on whose behalf the transaction was to be
16 effected.  It was a crime under Title 31, United States Code,
17 Section 5324 to knowingly cause or attempt to cause a financial
18 institution to fail to file a CTR, with the intent of evading the
19 CTR filing requirement (the "CTR filing requirement").  It was
20 also a crime under Title 31, United States Code, Section 5324 to
21 knowingly structure transactions with financial institutions,
22 that is, to break transactions into amounts at or under $10,000,
23 with the intent of evading the CTR filing requirement.

24                    II.   THE CONSPIRACY

25      4.   Beginning at a date unknown to the Grand Jury but not
26 later than on or about June 2, 2003, and continuing through on or
27 about July 17, 2003, in the State and Eastern District of
28 California and elsewhere, defendant RICHIE MISHAL, and other

16

1  persons known and unknown to the Grand Jury, knowingly combined,

2  confederated, conspired and agreed to evade the CTR filing

3  requirements by purposefully depositing cash in amounts less than

4  $10,000:

5          (a)  for the purpose of evading the reporting requirements
              of Section 5313(a) of Title 31, and regulations
6              promulgated thereunder, to cause and attempt to cause
              domestic financial institutions to fail to file reports
7              required under Section 5313(a) of Title 31, and
              regulations promulgated thereunder, in violation of
8              Title 31, United States Code Section 5324(a)(1) and
              5324(d), and Title 31, Code of Federal Regulations,
9              Sections 103.22 and 103.27-28; and

10         (b)  for the purpose of evading the reporting requirements
              of Section 5313(a) of Title 31, and regulations
11             promulgated thereunder, to structure and assist in
              structuring transactions with domestic financial
12             institutions, in violation of Title 31, United States
              Code, Section 5324(a)(3) and 5324(d), and Title 31,
13             Code of Federal Regulations, Sections 103.22 and
              103.27-28.

14                      III.   MANNER AND MEANS

15      5.   It was a part of this conspiracy that defendant RICHIE

16  MISHAL directed persons known and unknown to the Grand Jury to

17  deposit a series of cash deposits into a bank account in the name

18  of U.S. NUTRITION, to wit: Wells Fargo checking account number

19  0117102699, in a Sacramento, California branch.

20      6.   It was further a part of this conspiracy that the above-

21  described series of cash deposits were made within hours or only

22  a day or two of each other; were always at or under $10,000; and

23  were done as a means of evading banking regulations which require

24  reporting of deposits which are $10,000 or more, pursuant to

25  Title 31, United States Code, Sections 5313(a) and 5325.

26      7.   During the course of the conspiracy, defendant RICHIE

27  MISHAL and others known and unknown to the Grand Jury made an

28

                                17

1  aggregate total of approximately $142,000 in deposits in amounts
2  at or under $10,000 for the purposes of evading the CTR filing
3  requirement.

4                          IV.   OVERT ACTS

5     8.   In furtherance of the conspiracy and to effect the
6  objectives thereof, overt acts were committed as follows:

7     **Overt Acts One - Twenty-One:** From on or about June 22, 2003
8  through on or about July 17, 2003, defendant RICHIE MISHAL
9  deposited cash into the Wells Fargo U.S. Nutrition bank account
10  number 0117-102699, in a Sacramento, California branch, in the
11  following amounts:

| Overt Act | Date | Deposit Amount | Total |
|-----------|------|----------------|-------|
| 2 | 06/02/03 | $9,000 | |
| 3 | 06/03/03 | $9,500 | |
| 4 | 06/03/03 | $1,500 | |
| | | | $20,000 |
| 5 | 06/10/03 | $8,000 | |
| 6 | 06/11/03 | $4,000 | |
| 7 | 06/12/03 | $5,000 | |
| 8 | 06/12/03 | $9,000 | |
| | | | $26,000 |
| 9 | 06/16/03 | $7,000 | |
| 10 | 06/17/03 | $8,000 | |
| 11 | 06/17/03 | $7,000 | |
| 12 | 06/17/03 | $3,000 | |
| | | | $25,000 |
| 13 | 06/26/03 | $9,000 | |
| 14 | 06/27/03 | $7,000 | |
| | | | $16,000 |

| 15 | 06/30/03 | $9,000 | |
| 16 | 07/01/03 | $6,000 | |
| | | | $15,000 |
| 17 | 07/15/03 | $9,000 | |
| 18 | 07/16/03 | $5,000 | |
| 19 | 07/16/03 | $8,000 | |
| 20 | 07/17/03 | $9,500 | |
| 21 | 07/17/03 | $9,000 | |
| | | | $40,500 |

**Overt Acts Twenty-Two – Forty-One**: From on or about June 22, 2003 through on or about July 17, 2003, defendant RICHIE MISHAL instructed a co-conspirator and persons known and unknown to the Grand Jury to deposit cash into the Wells Fargo U.S. Nutrition bank account number 0117-102699, in a Sacramento, California branch, in the following amounts:

| Overt Act | Date | Deposit Amount | Total |
|---|---|---|---|
| 22 | 06/02/03 | $9,000 | |
| 23 | 06/03/03 | $9,500 | |
| 24 | 06/03/03 | $1,500 | |
| | | | $20,000 |
| 25 | 06/10/03 | $8,000 | |
| 26 | 06/11/03 | $4,000 | |
| 27 | 06/12/03 | $5,000 | |
| 28 | 06/12/03 | $9,000 | |
| | | | $26,000 |
| 29 | 06/16/03 | $7,000 | |
| 30 | 06/17/03 | $8,000 | |
| 31 | 06/17/03 | $7,000 | |
| 32 | 06/17/03 | $3,000 | |
| | | | $25,000 |

| 33 | 06/26/03 | $9,000 | |
| 34 | 06/27/03 | $7,000 | |
| | | | $16,000 |
| 35 | 06/30/03 | $9,000 | |
| 36 | 07/01/03 | $6,000 | |
| | | | $15,000 |
| 37 | 07/15/03 | $9,000 | |
| 38 | 07/16/03 | $5,000 | |
| 39 | 07/16/03 | $8,000 | |
| 40 | 07/17/03 | $9,500 | |
| 41 | 07/17/03 | $9,000 | |
| | | | $40,500 |

All in violation of Title 18, United States Code, Section 371; Title 31, United States Code, Sections 5324(a)(1) and 5324(a)(3), and Code of Federal Regulations Title 31, Sections 103.22 and 103.27-28.

**COUNT FIFTEEN** –     [31 U.S.C. §§ 5324(a)(3), 5324(d)(1) & (2) – Structuring Transactions to Avoid Reporting Requirement]

The Grand Jury further charges:

RICHIE MISHAL,
aka Akram Abdellatif, aka Tom Hanney,

defendant herein, as follows:

1.   All of the allegations set forth in Paragraphs 2 and 3 of Count Fourteen of this Superseding Indictment are realleged and incorporated herein.

2.   Between on or about June 26, 2003 and on or about June 27, 2003, defendant RICHIE MISHAL, in Sacramento County, State and Eastern District of California, for the purpose of evading the reporting requirements of Sections 5313(a), and 5324, of

20

1  Title 31, United States Code, and the regulations promulgated
2  thereunder, structured, assisted in structuring, attempted to
3  structure and assist in structuring, a series of currency
4  transactions with one or more domestic financial institutions to
5  wit: the deposit of United States currency into Wells Fargo Bank
6  checking account number 0117-102699, in the name of U.S.
7  Nutrition, at a branch in Sacramento, California, as follows:

| Count | Depositor | Date | Description |
|-------|-----------|------|-------------|
| 15 | RICHIE MISHAL | 06/26/03 | $9,000 Cash Deposit |
|  |  | 06/27/03 | $7,000 Cash Deposit |

13      3.    The Grand Jury further charges that the defendant
14  committed the above-noted violation while violating another law
15  of the United States, to wit: Title 21, United States Code,
16  Sections 841(a)(1), 843(a)(7), 846, and Title 18, United States
17  Code, Section 1956, and as part of a pattern of illegal activity
18  involving more than $100,000 in a 12-month period.

19      All in violation of Title 31, United States Code, Sections
20  5324(a)(3), 5324(d)(1) and (2); Title 31 Code of Federal
21  Regulations, Sections 103.22 and 103.27-28.

22  **COUNT SIXTEEN** -      [18 U.S.C. §§ 5324(a)(1), 5324(d)(1) & (2) -
                        Structuring Transactions to Attempt to Cause
23                      Financial Institution to Avoid Reporting
                        Requirement]
24

25      The Grand Jury further charges:

26                          RICHIE MISHAL,
                aka Akram Abdellatif, aka Tom Hanney,
27

28  defendant herein, as follows:

21

1     1.    All of the allegations set forth in Paragraphs 2 and 3
2 of Count Fourteen of this Superseding Indictment, are realleged
3 and incorporated herein.

4     2.    On or about July 17, 2003, State and Eastern District
5 of California, defendant RICHIE MISHAL did knowingly and for the
6 purpose of evading the reporting requirements of Title 31, United
7 States Code, Sections 5313(a) and 5324, and the regulations
8 promulgated thereunder, cause and attempt to cause a domestic
9 financial institution to fail to file a Currency Transaction
10 Report as required by Title 31, United States Code, Section 5324,
11 including Section 5313 and any regulations prescribed thereunder,
12 for a currency transaction in excess of $10,000, regarding
13 deposits made to bank accounts, as follows:

| Count | Depositor | Date | Description |
|-------|-----------|------|-------------|
| 16 | RICHIE MISHAL | 07/17/03 | $9,500 Cash Deposit |
| | | | $9,000 Cash Deposit |

18     3.    The Grand Jury further charges that the defendant
19 committed the above-noted violations while violating another law
20 of the United States, to wit: Title 21, United States Code,
21 Sections 841(a)(1), 843(a)(7), and 846, and Title 18, United
22 States Code, Section 1956, and as part of a pattern of illegal
23 activity involving more than $100,000 in a 12-month period.

24     All in violation of Title 31, United States Code, Sections
25 5324(a)(1), 5324(d)(1) and 2; Title 31, Code of Federal
26 Regulations, Section 103.22 and 103.27-28.
27 ///
28 ///

**COUNT SEVENTEEN -** [18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i) - Conspiracy to Launder Money - Transaction Designed with the Intent to Promote the Carrying on of a Specified Unlawful Activity]

The Grand Jury further charges:

RICHIE MISHAL,
aka Akram Abdellatif, aka Tom Hanney, and
HUGH STEVENS,

defendants herein, as follows:

## I. THE CONSPIRACY

1. Beginning at a time unknown to the Grand Jury but no later than in or about November 2002, and continuing through in or about August 2004, in the Eastern District of California and elsewhere, defendants RICHIE MISHAL and HUGH STEVENS knowingly combined, conspired, confederated and agreed among themselves and with other persons both known and unknown to the Grand Jury, to conduct and attempt to conduct a financial transaction with the intent to promote the carrying on of specified unlawful activity, and to avoid transaction reporting requirements under federal law, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1).

## III. MANNER AND MEANS

2. It was further part of this conspiracy that RICHIE MISHAL sent monetary instruments and funds from a place inside of the United States, to wit: Sacramento, California, to a person known to the Grand Jury in a place outside of the United States, to wit: Canada, for the purpose of importing into the United States, possessing, and distributing ephedrine knowing and having

23

1 | reasonable cause to believe that the ephedrine would be used to
2 | manufacture a controlled substance, to wit: methamphetamine, in
3 | violation of Title 21, United States Code, §§ 841(c)(2),
4 | 960(d)(3), and 960(d)(6).

5 |     3.    It was further a part of this conspiracy that in order
6 | to pay defendant HUGH STEVENS for transporting and smuggling the
7 | ephedrine from Canada to the United States through use of his
8 | personal and rented vehicles including horse-trailers, defendant
9 | RICHIE MISHAL and other persons known and unknown to the Grand
10 | Jury used Federal Express and other mail services to send
11 | packages containing monetary instruments and funds from
12 | Sacramento, California, to defendant HUGH STEVENS in the State of
13 | New York.

14 |     All in violation of Title 18, United States Code, Sections
15 | 1956(h) and 1956(a)(1)(A)(i).

16 | **COUNT EIGHTEEN** –    [18 U.S.C. §§ 1956(h) and 1957 – Conspiracy
    to Engage in Monetary Transactions in
17 |     Property Derived from Specified Unlawful
    Activity]
18 |
19 |     The Grand Jury further charges:

20 |             RICHIE MISHAL,
    aka Akram Abdellatif, aka Tom Hanney,
21 | defendant herein, as follows:

22 |               I.   THE CONSPIRACY

23 |     1.    Beginning at a time unknown to the Grand Jury, but no
24 | later than in or about November 2002, and continuing to in or
25 | about August 2004, in the Eastern District of California and
26 | elsewhere, defendant RICHIE MISHAL knowingly combined, conspired,
27 | confederated and agreed with other persons both known and unknown
28 | to the Grand Jury to engage and attempt to engage in monetary

1 transactions in criminally derived property that was of a value
2 greater than $10,000, and was derived from specified unlawful
3 activity, in violation of Title 18, United States Code, Sections
4 1956(h) and 1957.

### III. MANNER AND MEANS

2. The allegations contained in paragraphs 14 and 15 of Count Seven of this Superseding Indictment are realleged and incorporated herein.

All in violation of Title 18, United States Code, Sections 1956(h) and 1957.

**COUNT NINETEEN** :   [18 U.S.C. §§ 371 and 545 - Conspiracy to Smuggle Goods Into The United States]

The Grand Jury further charges:

RICHIE MISHAL,
aka Akram Abdellatif, aka Tom Hanney,
FAISAL MOHAMMAD RASHID,
aka Sal, and
HUGH STEVENS,

defendants herein, as follows:

### I. INTRODUCTION

1. The allegations set forth in Paragraphs 1 through 12 of Count Seven of this Superseding Indictment are realleged and incorporated herein by reference.

2. The Lewiston Bridge Port of Entry is an international port of entry between the United States and Canada which is located in the State of New York.

### II. CONSPIRACY

3. Beginning on a date unknown to the Grand Jury but not later than in or about November, 2002, and continuing through on or about July 10, 2004, in the State and Eastern District of

25

1  California, and elsewhere, defendants RICHIE MISHAL, FAISAL
2  MOHAMMAD RASHID, and HUGH STEVENS conspired among themselves, and
3  with other persons both known and unknown to the Grand Jury, to
4  willfully and knowingly and with the intent to defraud the United
5  States, smuggle and clandestinely introduce into the United
6  States merchandise which should have been invoiced, that is, at
7  least 430 pounds of ephedrine, of an approximate value of two
8  million dollars ($2,000,000), in violation of Title 18, United
9  States Code, § 545.

10              III.  MANNER AND MEANS

11      4.    It was part of the conspiracy that the defendants
12  RICHIE MISHAL, FAISAL MOHAMMAD RASHID, and HUGH STEVENS did
13  attempt to defraud the United States by agreeing among themselves
14  and with other persons known and unknown to the Grand Jury to
15  have HUGH STEVENS and other people known and unknown to the Grand
16  Jury transport ephedrine from Canada into the United States.

17      5.    It was further part of this conspiracy that in or about
18  July 2004, HUGH STEVENS and other people known and unknown to the
19  Grand Jury, loaded a horse trailer with approximately 430 pounds
20  of ephedrine concealed in duffle bags.

21      6.    It was further a part of this conspiracy that defendant
22  HUGH STEVENS directed a person known to the Grand Jury to defraud
23  the United States by providing false information to United States
24  Customs, to wit: to fail to claim the existence of the
25  approximately 430 pounds of ephedrine, having an approximate
26  value of $2,000,000, in the horse trailer attached to a vehicle
27  which said person attempted to drive into the United States
28  through the Lewiston Bridge Port of Entry.

                            26

## IV.   OVERT ACTS

7.   In furtherance of the conspiracy and to effect the objects thereof, overt acts were committed as follows:

**Overt Act 1:** On or about July 8, 2004, defendant RICHIE MISHAL, using telephone number (916) 616-4820, telephoned a person known to the Grand Jury.

**Overt Act 2:** In or about July 2004, defendant HUGH STEVENS loaded a horse-trailer with duffle bags containing ephedrine.

**Overt Act 3:**   On or about July 10, 2004, HUGH STEVENS instructed a person known to the Grand Jury to submit a false customs declaration to the United States Customs Service which failed to disclose the existence of the duffle bags containing ephedrine which were concealed in the horse-trailer said person attempted to drive into the United States from Canada.

**Overt Act 4:** On or about July 10, 2004, defendant HUGH STEVENS drove from Canada into the United States through the Lewiston Bridge Port of Entry while driving in tandem with a person known to the Grand Jury who was at the time carrying approximately 430 pounds of ephedrine concealed in duffle bags in a trailer attached to a vehicle.

All in violation of Title 18, United States Code, Sections 371 and 545.

///
///
///
///
///
///

27

1 **COUNT TWENTY**: [18 U.S.C. §§ 371 and 545 - Conspiracy to Smuggle
Goods Into The United States]

2

3 The Grand Jury further charges:

4 RICHIE MISHAL,
aka Akram Abdellatif, aka Tom Hanney,
5 FAISAL RASHID,
aka Sal, and
6 HUGH STEVENS,

7 defendants herein, as follows:

8 I.   INTRODUCTION

9 1.   The allegations set forth in Paragraphs 1 through 12 of
10 Count Seven of this Superseding Indictment; as well as Paragraph
11 2 of Count Nineteen of this Superseding Indictment, are realleged
12 and incorporated herein by reference.

13 II.   CONSPIRACY

14 2.   Beginning on a date unknown to the Grand Jury but not
15 later than in or about November, 2002, and continuing through on
16 or about July 10, 2004, in the State and Eastern District of
17 California, and elsewhere, defendants RICHIE MISHAL, FAISAL
18 RASHID, and HUGH STEVENS conspired among themselves, and with
19 other persons both known and unknown to the Grand Jury, to
20 conceal and facilitate the attempted transportation of
21 merchandise imported contrary to law in order to attempt to
22 import and distribute ephedrine, a List I chemical, in violation
23 of Title 21, United States Code, Sections 841(c)(2), 846,
24 960(d)(3), 960(d)(6), 957 and 971.

25 III.   MANNER AND MEANS

26 3.   It was part of the conspiracy that the defendants
27 RICHIE MISHAL, FAISAL MOHAMMAD RASHID, and HUGH STEVENS did
28 attempt to defraud the United States by agreeing among themselves

28

1 and with other persons both known and unknown to the Grand Jury
2 to have HUGH STEVENS and others known and unknown to the Grand
3 Jury transport ephedrine from Canada into the United States.

4        4.    It was further part of this conspiracy that in or about
5 July 2004, HUGH STEVENS and other people known and unknown to the
6 Grand Jury, loaded a horse trailer with approximately 430 pounds
7 of ephedrine concealed in duffle bags.

8        5.    It was further a part of this conspiracy that defendant
9 HUGH STEVENS directed a person known to the Grand Jury to defraud
10 the United States by instructing said person to import into the
11 United States said duffle bags which were concealed in the horse
12 trailer that said person attempted to drive into the United
13 States through the Lewiston Bridge Port of Entry contrary to the
14 laws of the United States, to wit: importing a listed chemical
15 having reasonable cause to believe that the chemical will be used
16 to manufacture a controlled substance, to wit: methamphetamine,
17 and importing a listed chemical in violation of Sections 957 and
18 971 of Title 21 of the United States Code, all in violation of
19 Title 21, United States Code, Sections 841(c)(2), 846, 960(d)(3),
20 and 960(d)(6).

21                            IV.    OVERT ACTS

22        6.    In furtherance of the conspiracy and to effect the
23 objects thereof, overt acts were committed as follows:

24        **Overt Act 1:**  On or about July 8, 2004, defendant RICHIE
25 MISHAL, using telephone number (916) 616-4820, telephoned a
26 person known to the Grand Jury.

27        **Overt Act 2:**  In or about July 2004, defendant HUGH STEVENS
28 loaded a horse-trailer with duffle bags containing ephedrine.

29

1    **Overt Act 3:**   On or about July 10, 2004, HUGH STEVENS
2    instructed a person known to the Grand Jury to submit a false
3    customs declaration to the United States Customs Service which
4    failed to disclose the existence of the duffle bags containing
5    ephedrine which were concealed in the horse-trailer said person
6    attempted to drive into the United States from Canada.

7    **Overt Act 4:**   On or about July 10, 2004, defendant HUGH
8    STEVENS drove from Canada into the United States through the
9    Lewiston Bridge Port of Entry while driving in tandem with a
10   person known to the Grand Jury who was at the time carrying
11   approximately 430 pounds of ephedrine concealed in duffle bags in
12   a trailer attached to a vehicle.

13         All in violation of Title 18, United States Code, §§ 371 and
14   545.

15   **COUNTS TWENTY-ONE AND TWENTY-TWO:**   [21 U.S.C. § 843(b) - Illegal
                                               Use of a Communication
16                                             Facility]

17         The Grand Jury further charges: T H A T

18                              RICHIE MISHAL,
                        aka Akram Abdellatif, aka Tom Hanney,
19

20   defendant herein, on or about the dates specified below, in the
21   State and Eastern District of California and elsewhere, did
22   knowingly and intentionally use a communication facility, to wit:
23   a telephone, in committing, causing, and facilitating the
24   offenses set forth in Counts One and Two of this Superseding
25   Indictment, which are realleged and incorporated by reference
26   herein.

27   ///

28

                                    30

| Count | Date | Telephone Number Used | Telephone Number Called |
|-------|------|----------------------|------------------------|
| 21 | 07/11/04 | (916)616-4820 | (204)292-0971 |
| 22 | 07/11/04 | (916)616-4820 | (204)292-~~0791~~ |

*0971  92* [handwritten]

All in violation of Title 21, United States Code, Section 843 (b).

**COUNTS TWENTY-THREE AND TWENTY-FOUR:**        [21 U.S.C. § 843(b) – Illegal Use of a Communication Facility]

The Grand Jury further charges: T H A T

FAISAL MOHAMMAD RASHID,
aka Sal,

defendant herein, on or about the dates specified below, in the State and Eastern District of California and elsewhere, did knowingly and intentionally use a communication facility, to wit: a telephone, in committing, causing, and facilitating the offenses set forth in Counts One and Two of this Superseding Indictment, which are realleged and incorporated by reference herein.

| Count | Date | Telephone Number Used | Telephone Number Called |
|-------|------|----------------------|------------------------|
| 23 | 07/28/04 | (916)947-2886 | (916)616-4820 |
| 24 | 07/29/04 | (916)947-2886 | (916)616-4820 |

All in violation of Title 21, United States Code, Section 843 (b).

///

///

///

///

31

1  **COUNTS TWENTY-FIVE AND TWENTY-SIX:**　　[21 U.S.C. § 843(b) -

2　　　　　　　　　　　　　　　　　　　　　　Illegal Use of a
　　　　　　　　　　　　　　　　　　　　　　Communication Facility]

3　　　　The Grand Jury further charges: T H A T

4　　　　　　　　　　　　　　HUGH STEVENS,

5  defendant herein, on or about the dates specified below, in the

6  State and Eastern District of California and elsewhere, did

7  knowingly and intentionally use a communication facility, to wit:

8  a telephone, in committing, causing, and facilitating the

9  offenses set forth in Counts One, Two, Sixteen, and Seventeen of

10  this Superseding Indictment which are realleged and incorporated

11  by reference herein.

| Count | Date | Telephone Number Used | Telephone Number Called |
|-------|------|------------------------|--------------------------|
| 25 | 06/23/04 | (716)863-8669 | (916)616-4820 |
| 26 | 07/06/04 | (716)863-8669 | (916)595-0546 |

16　　　　All in violation of Title 21, United States Code, Section

17  843 (b).

18  **FORFEITURE ALLEGATION:**　　[21 U.S.C. § 853(a), 18 U.S.C.
　　　　　　　　　　　　　　　　§ 982(a)(1) and 31 U.S.C. § 5317(c)(1)-
19　　　　　　　　　　　　　　　　Criminal Forfeiture]

20　　　　The Grand Jury further charges:

21　　　　1.　Upon conviction of one or more of the controlled

22  substance offenses alleged in Counts One, Two, and Three of this

23  Superseding Indictment, defendants RICHIE MISHAL, FAISAL MOHAMMAD

24  RASHID, HASUNI KAHWAJI, and HUGH STEVENS shall forfeit to the

25  United States pursuant to 21 U.S.C. § 853(a), any property

26  constituting, or derived from, proceeds obtained, directly or

27  indirectly, as a result of the said violation(s) and any property

28

1  used, or intended to be used, in any manner or part, to commit,
2  or to facilitate the commission of the said violation(s),
3  including but not limited to the following:

4         a.   Approximately $22,366 in U.S. Currency seized on
              or about September 15, 2004;

5
6         b.   Approximately $15,000 in U.S. Currency seized on or
              about February 25, 2004;

7         c.   Approximately $80,000 in U.S. Currency seized on or
              about August 18, 2005; and

8
9         d.   A sum of money equal to $412,750 in United States
              currency, representing the amount of proceeds obtained
10             as a result of the offenses, for which the defendants
              are jointly and severally liable.

11     2.   Upon conviction of the offenses alleged in Counts
12  Fourteen, Fifteen and Sixteen of this Superseding Indictment,
13  defendants RICHIE MISHAL, FAISAL MOHAMMAD RASHID, HASUNI KAHWAJI,
14  HUGH STEVENS, and PAMELA MOLNER shall forfeit to the United
15  States, pursuant to Title 31, United States Code, Section
16  5317(c)(1), all property, real and personal, involved in said
17
18  offense, and any property traceable thereto.

19     3.   Upon conviction of the offenses alleged in Counts Seven
20  through Thirteen, and alleged in Counts Seventeen and Eighteen of
21  this Superseding Indictment, defendants RICHIE MISHAL, FAISAL
22  MOHAMMAD RASHID, HASUNI KAHWAJI, HUGH STEVENS, and PAMELA MOLNER
23  shall forfeit to the United States, pursuant to Title 18, United
24  States Code, Section 982(a)(1), all property, real and personal,
25  involved in said offenses and any property traceable to such
26  property.   Such property shall include, but not be limited to the
27  following:
28

33

a. Approximately \$22,366 in U.S. Currency seized on or about September 15, 2004;

b. Approximately \$15,000 in U.S. Currency seized on or about February 25, 2004;

c. Approximately \$80,000 in U.S. Currency seized on or about August 18, 2005; and

d. A sum of money equal to \$412,750 in United States currency, representing the amount of proceeds obtained as a result of the offenses, for which the defendants are jointly and severally liable.

4. Pursuant to Title 21 U.S.C. § 853(p), and Title 18 U.S.C. § 982(b)(1), each defendant shall forfeit substitute property, up to the value of the amount described in paragraphs 1, 2 and 3, if, by any act or omission of the defendant, the property described in paragraphs 1, 2 and 3, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

A TRUE BILL
/s/.Signature on file w/AUSA

FOREPERSON

McGREGOR W. SCOTT
United States Attorney

34

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA

*vs.*

RICHIE MISHAL, aka Akram Abdellatif, aka Tom Hanney,
FAISAL MOHAMMAD RASHID, aka Sal,
PAMELA MOLNER,
HASUNI KAHWAJI, and
HUGH STEVENS

## S U P E R S E D I N G   I N D I C T M E N T

**VIOLATION(S):** 21 U.S.C. §§ 846, 841(c)(2), and 960(d)(3) -
Conspiracy to Import, Possess and Distribute a List I Chemical
Knowing and Having Reasonable Cause to Believe it Will Be Used to
Make a Controlled Substance; 21 U.S.C. §§ 846, and 960(d)(6) -
Conspiracy to Import a List I Chemical in Violation of Notice and
Registration Requirements; 21 U.S.C. § 841(c)(2) - Possession of a List
1 Chemical; 21 U.S.C. § 843(a)(6) - Possession of Clandestine
Laboratory Materials; 18 U.S.C. §§ 924(c) and 924(c)(1)(B)(ii) -
Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18
U.S.C. § 922(o) - Possession of a Machine Gun; 18 U.S.C. §§ 1956(h)
and 1956(a)(2)(A) - Conspiracy to Launder Money, International
Money Laundering; 18 U.S.C. § 1956(a)(2)(A) - International Money
Laundering (3 Counts); 18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i) -
Conspiracy to Launder Money, Transaction Designed to Conceal
Proceeds of a Specified Unlawful Activity; 18 U.S.C. § 1956(a)(1)(B)(i)
- Money Laundering Designed to Conceal Proceeds of a Specified
Unlawful Activity (2 Counts); 18 U.S.C. § 371, 31 U.S.C. §§
5324(a)(1) and 5324(a)(3) - Conspiracy to Structure Transactions to
Avoid Reporting Requirements; 31 U.S.C. §§ 5324(a)(3), 5324(d)(1)
and 5324(d)(2) - Structuring Transactions to Avoid Reporting
Requirement (2 Counts); 18 U.S.C. §§ 5324(a)(2), 5234(d)(1) and 2 -
Structuring Transactions to Attempt to Cause Financial Institutions to
Avoid Reporting Requirement; 18 U.S.C. §§ 1956(h) and
1956(a)(1)(A)(i) - Conspiracy to Launder Money - Transaction
Designed with the Intent to Promote the Carrying on of a Specified
Unlawful Activity; 18 U.S.C. §§ 1956(h) and 1957 - Conspiracy to
Engage in Monetary Transactions in Property Derived from Specified
Unlawful Activity; 18 U.S.C. §§ 371 and 545 - Conspiracy to Smuggle
Goods into the United States (2 Counts); 21 U.S.C. § 843(b) - Illegal
Use of a Communication Facility (6 Counts); 21 U.S.C. § 853(a), 18
U.S.C. § 982(a)(1), and 31 U.S.C. § 5317(a)(1) - Criminal Forfeiture

*A true bill,*

/S/

*Foreman.*

*Filed in open court this* 12th *day*

*of* January *, A.D. 20 06*

*Clerk.*

*Bail, $* _____ No process necessary

~~GREGORY~~ GREGORY G. HOLLOWS

GPO 863 525

# PENALTY SLIP

## RICHIE MISHAL
## aka Akram Abdellatif
## aka Tom Hanney

**COUNT 1**

VIOLATION:    21 U.S.C. §§ 846, 841(c)(2) and 960(d)(3)  - Conspiracy to
Import, Possess and Distribute a List I Chemical Knowing and
Having Reasonable Cause to Believe it Will be Used to Make
a Controlled Substance

PENALTY:    Imprisonment for no more than 20 years;
Fine of no more than $250,000; and
Supervised release of no more than 3 years

**COUNT 2**

VIOLATION:    21 U.S.C. §§ 846 and 960(d)(6) - Conspiracy to Import a List I
Chemical in Violation of Notice and Registration Requirements

PENALTY:    Imprisonment for no more than 10 years;
Fine of no more than $250,000; and
Supervised release of no more than 3 years

**COUNT 7**

VIOLATION    18 U.S.C. §§ 1956(h), 1956(a)(2)(A) - Conspiracy to Launder
Money, International Money Laundering

PENALTY:    Imprisonment of no more than 20 years;
Fine of no more than $500,000; and
Supervised release of no more than 3 years

**COUNT 8**
**THROUGH 10**

VIOLATION    18 U.S.C. § 1956(a)(2)(A) - International Money Laundering

PENALTY:    Imprisonment of no more than 20 years;
Fine of no more than $500,000; and
Supervised release of no more than 3 years

## COUNT 11

VIOLATION     18 U.S.C. §§ 1956(h) and 1956(a)(1)(B)(i) - Conspiracy to Launder Money; Transaction Designed to Conceal Proceeds of a Specified Unlawful Activity

PENALTY:     Imprisonment of no more than 20 years; Fine of no more than $500,000; and Supervised release of no more than 3 years

## COUNT 12
## AND 13

VIOLATION     18 U.S.C. § 1956(a)(1)(B)(i) - Money Laundering Designed to Conceal Proceeds of a Specified Unlawful Activity

PENALTY:     Imprisonment of no more than 20 years; Fine of no more than $500,000; and Supervised release of no more than 3 years

## COUNT 14

VIOLATION     18 U.S.C. § 371, 31 U.S.C. §§ 5324(a)(1), 5324(a)(3) - Conspiracy to Structure Transactions to Avoid Reporting Requirements

PENALTY:     Imprisonment of no more than 10 years; Fine of no more than $500,000; and Supervised release of no more than 3 years

## COUNT 15

VIOLATION     31 U.S.C. §§ 5324(a)(3), 5324(d)(1) & (2) - Structuring Transactions to Avoid Reporting Requirement

PENALTY:     Imprisonment of no more than 10 years; Fine of no more than $500,000; and Supervised release of no more than 3 years

## COUNT 16

VIOLATION     18 U.S.C. §§ 5324(a)(1), 5324(d)(1) & (2) - Structuring Transactions to Attempt to Cause Financial Institution to Avoid Reporting Requirement

PENALTY:     Imprisonment for no more than 10 years; Fine of no more than $500,000; and Supervised release of no more than 3 years

**COUNT 17**
VIOLATION        18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i) - Conspiracy to
                 Launder Money - Transaction Designed with the Intent to
                 Promote the Carrying on of a Specified Unlawful Activity

PENALTY:         Imprisonment of no more than 20 years;
                 Fine of no more than $500,000; and
                 Supervised release of no more than 3 years

**COUNT 18**
VIOLATION        18 U.S.C. §§ 1956(h) and 1957 - Conspiracy to Engage in
                 Monetary Transactions in Property Derived from Specified
                 Unlawful Activity

PENALTY:         Imprisonment for no more than 10 years;
                 Fine of no more than $250,000; and
                 Supervised release of no more than 3 years

**COUNT 19
AND 20**
VIOLATION        18 U.S.C. §§ 371 and 545 - Conspiracy to Smuggle Goods
                 Into The United States

PENALTY:         Imprisonment of no more than 5 years;
                 Fine of no more than $250,000; and
                 Supervised release of no more than 3 years

**COUNT 21
AND 22**
VIOLATION        21 U.S.C. § 843(b) - Illegal Use of a Communication Facility

PENALTY:         Imprisonment for no more than 5 years;
                 Fine of no more than $250,000; and
                 Supervised release of no more than 3 years

**FORFEITURE
ALLEGATION**
VIOLATION        21 U.S.C. § 853(a), 21 U.S.C. § 853(p), 18 U.S.C. § 982(b)(1),
                 18 U.S.C. § 982(a)(1) and 31 U.S.C. § 5317(c)(1) - Criminal
                 Forfeiture

**ASSESSMENT:    $100.00 special assessment per count or $1800**

## FAISAL MOHAMMAD RASHID
### aka Sal

**COUNT 1**

VIOLATION: 21 U.S.C. §§ 846, 841(c)(2), 960(d)(3) - Conspiracy to Import, Possess and Distribute a List I Chemical Knowing and Having Reasonable Cause to Believe it Will Be Used to Make a Controlled Substance

PENALTY: Imprisonment of no more than 20 years;
Fine of no more than $250,000; and
Supervised release of no more than 3 years

**COUNT 2**

VIOLATION: 21 U.S.C. §§ 846, 960(d)(6) - Conspiracy to Import a List I Chemical in Violation of Notice and Registration Requirements

PENALTY: Imprisonment for less than 10 years;
Fine of no more than $250,000; and
Supervised release of no more than 3 years

**COUNT 3**

VIOLATION: 21 U.S.C. § 841(c)(2) - Possession of a List I Chemical

PENALTY: Imprisonment of no more than 20 years;
Fine of no more than $250,000; and
Supervised release of no more than 3 years

**COUNT 4**

VIOLATION 21 U.S.C. § 843(a)(6) - Possession of Clandestine Laboratory Materials

PENALTY: Imprisonment of no more than 10 years;
Fine of no more than $250,000; and
Supervised release of no more than 3 years

**COUNT 5**

VIOLATION 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(B)(ii) - Possession of a Firearm in Furtherance of a Drug Trafficking Crime

PENALTY:     Imprisonment of no less than 30 years;
Fine of no more than $250,000; and
Supervised release of no more than 3 years

## COUNT 6
VIOLATION    18 U.S.C. § 922(o) - Possession of a Machine Gun

PENALTY:     Imprisonment of no more than 10 years;
Fine of no more than $250,000; and
Supervised release of no more than 3 years

## COUNT 7
VIOLATION    18 U.S.C. §§ 1956(h), 1956(a)(2)(A) - Conspiracy to Launder
Money, International Money Laundering

PENALTY:     Imprisonment of no more than 20 years;
Fine of no more than $500,000; and
Supervised release of no more than 3 years

## COUNT 10
VIOLATION    18 U.S.C. § 1956(a)(2)(A) - International Money Laundering

PENALTY:     Imprisonment of no more than 20 years;
Fine of no more than $500,000; and
Supervised release of no more than 3 years

## COUNT 19
## AND 20
VIOLATION    18 U.S.C. §§ 371, 545 - Conspiracy to Smuggle Goods Into
The United States

PENALTY:     Imprisonment of no more than 5 years;
Fine of no less than $250,000; and
Supervised release of no more than 3 years

## COUNT 23
## AND 24
VIOLATION    21 U.S.C. § 843(b) - Illegal Use of a Communication Facility

PENALTY:     Imprisonment of no more than 5 years;
Fine of no more than $250,000; and
Supervised release of no more than 3 years

**FORFEITURE**
**ALLEGATION**
VIOLATION       21 U.S.C. § 853(a), 21 U.S.C. § 853(p), 18 U.S.C. § 982(b)(1),
                18 U.S.C. §982(a)(1) and 31 U.S.C. § 5317(c)(1) - Criminal
                Forfeiture


**ASSESSMENT:**    $100.00 special assessment per count or a$1,200

# PAMELA MOLNER

## COUNT 7
VIOLATION 18 U.S.C. §§ 1956(h), 1956(a)(2)(A) - Conspiracy to Launder Money, International Money Laundering

PENALTY: Imprisonment of no more than 20 years;
Fine of no more than $500,000; and
Supervised release of no more than 3 years

## COUNT 10
VIOLATION 18 U.S.C. § 1956(a)(2)(A) - International Money Laundering

PENALTY: Imprisonment of no more than 20 years;
Fine of no more than $500,000; and
Supervised release of no more than 3 years

## FORFEITURE ALLEGATION
VIOLATION 21 U.S.C. § 853(p), 18 U.S.C. § 982(a)(1) 18 U.S.C. § 982(b)(1) , 31 U.S.C. § 5317(c)(1) - Criminal Forfeiture

**ASSESSMENT:** **$100.00 special assessment per count or $200**

## **HASUNI KAHWAJI**

### **COUNT 1**
VIOLATION:    21 U.S.C. §§ 846, 841(c)(2), 960(d)(3)  - Conspiracy to Import, Possess and Distribute a List I Chemical Knowing and Having reasonable Cause to Believe it Will Be Used to Make a Controlled Substance

PENALTY:      Imprisonment of no more than 20 years;
Fine of no more than $250,000; and
Supervised release of no more than 3 years

### **COUNT 2**
VIOLATION:    21 U.S.C. §§ 846, 960(d)(6) - Conspiracy to Import a List I Chemical in Violation of Notice and Registration Requirements

PENALTY:      Imprisonment for less than 10 years;
Fine of no more than $250,000; and
Supervised release of no more than 3 years

### **FORFEITURE**
### **ALLEGATION**
VIOLATION     21 U.S.C. § 853(a), 21 U.S.C. § 853(p), 18 U.S.C. § 982(a)(1), 18 U.S.C. § 982(b)(1) , 31 U.S.C. § 5317(c)(1) - Criminal Forfeiture

**ASSESSMENT:**    **$100.00 special assessment per count $200**

## **HUGH STEVENS**

**COUNT 1**
VIOLATION:     21 U.S.C. §§ 846, 841(c)(2), 960(d)(3)  - Conspiracy to Import, Possess and Distribute a List I Chemical Knowing and Having reasonable Cause to Believe it Will Be Used to Make a Controlled Substance

PENALTY:       Imprisonment of no more than 20 years;
Fine of no more than $250,000; and
Supervised release of no more than 3 years

**COUNT 2**
VIOLATION:     21 U.S.C. §§ 846, 960(d)(6) - Conspiracy to Import a List I Chemical in Violation of Notice and Registration Requirements

PENALTY:       Imprisonment for less than 10 years;
Fine of no more than $250,000; and
Supervised release of no more than 3 years

**COUNT 17**
VIOLATION      18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i) - Conspiracy to Launder Money - Transaction Designed with the Intent to Promote the Carrying on of a Specified Unlawful Activity

PENALTY:       Imprisonment of no more than 20 years;
Fine of no more than $500,000; and
Supervised release of no more than 3 years

**COUNT 19
AND 20**
VIOLATION      18 U.S.C. §§ 371, 545 - Conspiracy to Smuggle Goods Into The United States

PENALTY:       Imprisonment of no more than 5 years;
Fine of no less than $250,000; and
Supervised release of no more than 3 years

**COUNT 25
AND 26**
VIOLATION      21 U.S.C. § 843(b) - Illegal Use of a Communication Facility

PENALTY:       Imprisonment of no more than 5 years;

Fine of no more than $250,000; and
Supervised release of no more than 3 years

**FORFEITURE**
**ALLEGATION**
VIOLATION          21 U.S.C. § 853(a), 21 U.S.C. § 853(p), 18 U.S.C. § 982(a)(1),
                   18 U.S.C. § 982(b)(1) , 31 U.S.C. § 5317(c)(1) - Criminal
                   Forfeiture

**ASSESSMENT:**    **$100.00 special assessment <u>per count</u> or $700**