McGREGOR W. SCOTT
United States Attorney
CAROLYN K. DELANEY
Assistant U.S. Attorney
501 T Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2798



FILED

MAY 31 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,       )   CR. No. S. 04-357 MCE
                                )
            Plaintiff,          )
                                )
     v.                         )
                                )
PAMELA MOLNER,                  )
                                )   PLEA AGREEMENT
            Defendant.          )
_____)

I.

**INTRODUCTION**

**A. Scope of Agreement:** The Superseding Information in CR.S. 04-357 MCE charges the defendant with Bulk Cash Smuggling in violation of 31 U.S.C. § 5332(a)(1). This document contains the complete Plea Agreement between the United States Attorney's Offices for the Eastern District of California and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B. Court Not a Party:** The Court is not a party to this Plea

Agreement. Sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this Plea Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II.

### DEFENDANT'S OBLIGATIONS

**A. Guilty Pleas:** The defendant will plead guilty to the sole count of the Superseding Information. The defendant agrees that she is in fact guilty of these charges and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

**B. Restitution:** The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. In addition to that restitution, the defendant agrees to pay full restitution applicable. Payment should be by cashier's or certified check made payable to the Clerk of the Court. The defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

**C. Special Assessment:** The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the

United States Probation Office immediately before the sentencing hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**D.     Agreement to Cooperate:** The defendant agrees to cooperate fully with the government and any other federal, state, or local law enforcement agency, as directed by the government. As used in this Plea Agreement, "cooperation" requires the defendant: (1) to respond truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the government or compelled by subpoena or court order; (3) to produce voluntarily any and all documents, records, or other tangible evidence requested by the government; (4) not to participate in any criminal activity while cooperating with the government; and (5) to disclose to the government the existence and status of all money, property, or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.

If the defendant commits any crimes or if any of the defendant's statements or testimony prove to be knowingly false, misleading, or materially incomplete, or if the defendant otherwise violates this Plea Agreement in any way, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth

1  herein.  The determination whether the defendant has violated the
2  Plea Agreement will be under a probable cause standard.  If the
3  defendant violates the Plea Agreement, she shall thereafter be
4  subject to prosecution for any federal criminal violation of which
5  the government has knowledge, including but not limited to perjury,
6  false statements, and obstruction of justice.  Because disclosures
7  pursuant to this Plea Agreement will constitute a waiver of the
8  Fifth Amendment privilege against compulsory self-incrimination, any
9  such prosecution may be premised on statements and/or information
10 provided by the defendant.  Moreover, any prosecutions that are not
11 time-barred by the applicable statute of limitations as of the date
12 of this Plea Agreement may be commenced in accordance with this
13 paragraph, notwithstanding the expiration of the statute of
14 limitations between the signing of this Plea Agreement and the
15 commencement of any such prosecutions.  The defendant agrees to
16 waive all defenses based on the statute of limitations or delay of
17 prosecution with respect to any prosecutions that are not time-
18 barred as of the date of this Plea Agreement.
19      If it is determined that the defendant has violated any
20 provision of this Plea Agreement or if the defendant successfully
21 moves to withdraw her plea:  (1) all statements made by the
22 defendant to the government or other designated law enforcement
23 agents, or any testimony given by the defendant before a grand jury
24 or other tribunal, whether before or after this Plea Agreement,
25 shall be admissible in evidence in any criminal, civil, or
26 administrative proceedings hereafter brought against the defendant;
27 and (2) the defendant shall assert no claim under the United States
28 Constitution, any statute, Rule 11(f) of the Federal Rules of

Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Plea Agreement, or any leads derived therefrom, should be suppressed. By signing this Plea Agreement, the defendant waives any and all rights in the foregoing respects.

### III.

### THE GOVERNMENT'S OBLIGATIONS

**A. Dismissals:** The government agrees to move, at the time of sentencing, to dismiss without prejudice the Superseding Indictment in CRS. 04-357.

**B. Reduction of Sentence for Cooperation:** The government agrees to recommend at the time of sentencing that the defendant's sentence of imprisonment be reduced if she provides substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1. The defendant understands that she must comply with paragraph II(c) of this Plea Agreement. The defendant understands that it is within the sole and exclusive discretion of the government to determine whether the defendant has provided substantial assistance. The defendant understands that the government may recommend a reduction in her sentence or no reduction at all, depending upon the level of assistance the government determines that the defendant has provided.

The defendant further understands that a motion pursuant to U.S.S.G. § 5K1.1 is only a recommendation and is not binding on the Court, that this Plea Agreement confers no right upon the defendant to require that the government make a § 5K1.1 motion, and that this Plea Agreement confers no remedy upon the defendant in the event that the government declines to make a § 5K1.1 motion. In

particular, the defendant agrees not to try to file a motion to withdraw her plea based on the fact that the government decides not to recommend a sentence reduction or recommends a sentence reduction less than the defendant thinks is appropriate.

If the government determines that the defendant has provided further cooperation within one year following her sentencing, the government may move for a further reduction of his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

## IV.

### ELEMENTS OF THE OFFENSE

**A.  Elements of the Offense:**  At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, 1) on or about the dates as alleged in the Superseding Information the defendant knowingly concealed more than $10,000 in currency in her luggage; 2) she did so with the intent to evade a currency reporting requirement; and 3) she attempted to transport the currency from a place within the United States to a place outside of the United States.

## V.

### MAXIMUM SENTENCE

**A.  Maximum Penalty:**  The maximum sentence the Court can impose is 5 years imprisonment, a fine of $250,000, and a special assessment of $100, *and 3 yrs supervised release.* [initialed]

**B.  Violations of Supervised Release:** The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the supervised release and impose an additional two years imprisonment.

## VI.

## SENTENCING DETERMINATION

**A. Statutory Authority:** The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738 (2005)) and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

## VII.

## WAIVERS

**A. Waiver of Constitutional Rights:** The defendant understands that by pleading guilty she is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on her behalf; (e) to confront and cross-

examine witnesses against her; and (f) not to be compelled to incriminate herself.

**B. Waiver of Appeal and Collateral Attack**: The defendant understands that the law gives him a right to appeal his conviction and sentence. She agrees as part of her plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case.

The defendant also gives up any right she may have to bring a post-conviction attack on his conviction or his sentence. She specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking her conviction or sentence.

If the defendant's conviction on any of the counts to which she is pleading is ever vacated at the defendant's request, or her sentence is ever reduced at her request, the government shall have the right (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this Plea Agreement; and (3) to file any new charges that would otherwise be barred by this Plea Agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this Plea Agreement, the defendant agrees to waive any objections, motions, and defenses she might have to the government's decision. In particular, she agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

**C. Waiver of Attorneys' Fees and Costs**: The defendant agrees

to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Plea Agreement and any charges previously dismissed).

### D.  Waiver of DNA Testing

Defendant has been advised that the government has in its possession the certain items of physical evidence that could be subjected to DNA testing.  The defendant understands that the government does not intend to conduct DNA testing of any of these items.  Defendant understands that, before entering guilty pleas pursuant to this Plea Agreement, she could request DNA testing of evidence in this case.  The defendant further understands that, with respect to the offenses to which she is pleading guilty pursuant to this Plea Agreement, she would have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600.  Knowing and understanding her right to request DNA testing, the defendant knowingly and voluntarily gives up that right with respect to any items of evidence there may be in this case that might be amenable to DNA testing.  The defendant understands and acknowledges that by giving up this right, she is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type.  The defendant further understands and acknowledges that by giving up this right, she will never have another opportunity to have the

evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offenses to which she is pleading guilty.

## VIII.

### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.

### APPROVALS AND SIGNATURES

**A.  Defense Counsel:**  I have read this Plea Agreement and have discussed it fully with my client.  The Plea Agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this Plea Agreement.

DATED:  May 31, 2007          _____
                               Alan Baum

**B.  Defendant:**  I have read this Plea Agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in

1 | this Plea Agreement.  In addition, no one has threatened or forced
2 | me in any way to enter into this Plea Agreement.  Finally, I am
3 | satisfied with the representation of my attorney in this case.

DATED: _May 31, 2007_          _/s/ Molner_
                                PAMELA MOLNER

**C.   Attorney for United States:** I accept and agree to this Plea Agreement on behalf of the government.

DATED: _5/31/07_                McGREGOR W. SCOTT
                                United States Attorney

                                By: _/s/ Carolyn_
                                CAROLYN K. DELANEY
                                Assistant U.S. Attorney

11

**EXHIBIT "A"**

**Factual Basis for Plea**

On or about June 5, 2004, the defendant received $300,000 in United States currency from Faisal Rashid in Bakersfield, California in the State and Eastern District of California. The defendant took the currency, and on or about June 9, 2004, concealed it in her luggage and attempted to take $100,000 of it from the United States into Canada. She did so intending to evade the currency reporting requirements imposed by United States law.

1